SAVANNAH, FLORIDA & WESTERN RAILWAY CO. *v.* FALVEY.

Although the evidence would well have warranted a finding for the defendant, it also warranted the verdict in favor of the plaintiff, the weighing and balancing of the whole being a matter for the jury. There was no error in denying a new trial.

January 8, 1894.                    *Judgment affirmed.*

Action for damages.   Before Judge MacDonell.   City court of Savannah.   February term, 1893.

Falvey alleged he received injuries while a locomotive fireman in defendant's employment, from being compelled to jump from an engine in order to prevent a greater injury which he feared he would receive from a collision which was imminent between said engine and a train ahead of it upon the same track; that he acted under the advice and orders of the engineer in so jumping, and was thereby thrown against a switch-stand, injuring his hip, back, chest, causing him to expectorate blood, throwing him into convulsions, causing suppression of his urine, producing internal injuries, and making him a physical wreck.   He obtained a verdict for $2,370, and defendant's motion for a new trial was overruled.   The grounds for the motion were, that the verdict was contrary to law and evidence, strongly and decidedly against the weight of the evidence, without evidence to support it, and contrary to the principles of equity and justice.   The evidence was voluminous.   For the plaintiff the following appeared: The injury in question was done him on September 16th, 1890.   He was, and had been for two years, a fireman for defendant.   For two years before he began service as fireman in its employment he was employed by it as a watchman, doing light work.   In 1883 he had been hurt while a fireman on the Central railroad in a collision, sued that road, and his case against it was settled and a considerable sum paid him.   In that suit he claimed to be seriously injured; thought then that he was.   It was three or four years from the time of the injury on the Central road before he went to work on that of defendant.   His work as fireman for the latter road was heavy, engaging him late and early, and he was at work continuously as such fireman, doing double duty and able to perform it.   Before the injury for which he now sues he had

recovered his health, had no peculiar movement of the heart, his breathing was perfect, his extremities were not cold, and he had no weakness of the bladder nor trouble with his urine. About two hours previous to the collision, he had received a slight injury from a stick of wood having been thrown on his arm, and told his engineer after his arm was hurt he could not fire.. The engineer stopped the train and told the conductor he must have another man, and told plaintiff to go back to the cab, have a good rest, and attend to his arm; but plaintiff did not go back, saying that he would be all right after a while. He bathed his arm in cold water. When the collision was about to take place he was piling wood in the tender of the engine, which was a part of his usual duty. The engineer had got a colored man to do the firing when plaintiff was hurt. The train upon which plaintiff was working collided with a train ahead of it, which had been neglected, left unflagged, and as to the presence of which warning had not been given to the approaching train. When the engineer saw this train, he knew a collision was imminent, and called to plaintiff, " Get off; jump." This was very early in the morning; it was foggy, and the engineer did not see the train ahead until he got up close to it. It was then too late to prevent a collision. When he so spoke to plaintiff, the train was running about 15 miles an hour, and there were about 25 cars in it. Plaintiff got on the steps of the engine and jumped off, or alighted. The engineer got on the same steps and followed him. The engineer was carried forward and both his arms slid on the ground, making a slight bruise on his arms, but not amounting to anything. According to plaintiff's testimony, in jumping he struck a switch-stand, and sustained serious injuries of the kind mentioned in his declaration. The engineer testified that there was a switch-stand in the neighborhood of where plaintiff

jumped, but he did not know whether plaintiff struck it. In a few seconds after the men jumped, the collision took place and broke up three cars in the train ahead of them. Upon the subject of the injuries received by Falvey there was much testimony in his behalf, some of it by physicians, tending, in the main, to show that he was seriously hurt, though there was some evidence that he was disposed to magnify his injuries. He was 33 years old when injured in this last collision, and was receiving as wages $1.60 per day.

The evidence for defendant, including the testimony of a number of physicians, tended strongly to show that plaintiff sustained no serious injury whatever, but was attempting to feign having been hurt; in other words, that his was a decided case of "malingering."

ERWIN, DUBIGNON & CHISHOLM, for plaintiff in error.
GARRARD, MELDRIM & NEWMAN, contra.